UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD CLEMONS,

          Plaintiff,

v.

CHRIS GUS KANIOS,

          Defendant.
_____/

Case No. 2:17-cv-12245
District Judge Sean F. Cox
Magistrate Judge Anthony P. Patti

REPORT AND RECOMMENDTION
TO DISMISS PLAINTIFF'S COMPLAINT (DE 1)

**I.     RECOMMENDATION**: The Court should **DISMISS** Plaintiff's complaint (DE 1) for his apparent failure to serve it upon Defendant in accordance with Fed. R. Civ. P. 4(m) and/or for Plaintiff's failure to show cause in accordance with the Court's December 21, 2017 order (DE 9).

**II.    REPORT:**

    **A.     Introduction**

This case is one of four that Plaintiff appears to have filed against Chris Gus Kanios, the purported Dean of Admissions at the John F. Kennedy University College of Law.[1]  Plaintiff filed the instant complaint *in pro per* on July 10, 2017,

---

[1] *See also* Case Nos. 2:14-cv-13050-PDB-MJH (E.D. Mich.) (dismissed Aug. 21, 2014), 1:16-cv-01502-GBL-TCB (E.D. Va.) (dismissed on Apr. 24, 2017 and May 3, 2017), 3:17-cv-02833-VC (N.D. Ca.) (judgment entered July 20, 2017).

contending that an order in his California case "allows refiling of the case in a different forum based on sua sponte procedural matters." (DE 1 at 6.)

The facts underlying the instant lawsuit stem from the alleged July 15, 2014 denial of Plaintiff's law school application and July 24, 2014 denial of review, as well as the school's alleged receipt of Title IV funds. (*See*, *e.g.*, DE 1 at 3 ¶¶ 1, 5, 7.) Plaintiff's causes of action appear to be based upon the due process and equal protection clauses of the Fourteenth Amendment, and perhaps even the Americans with Disabilities Act (ADA). (DE 1 at 4-5.) He seeks compensatory and injunctive relief. (DE 1 at 4.)

### B.     Plaintiff's Address of Record

At the time he filed the instant matter, Plaintiff listed two addresses: (a) 16222 Schaefer Hwy., Detroit, Michigan 48235, and (b) a mailing address of 600 New Jersey Ave. NW, Washington, D.C. 20001. (DE 1 at 1, 5, 8.) Thereafter, the Clerk filed a notice regarding parties' responsibility to notify court of address change (DE 3), the Court entered an order granting Plaintiff's application to proceed *in forma pauperis* (DE 4), and Judge Cox referred this case to me for all pretrial proceedings (DE 5). However, copies of these items mailed to Plaintiff at his Washington, D.C., address have been returned to the Court as undeliverable. (DE 7, 8.)

Meanwhile, by a notice postmarked July 27, 2017, and filed on August 1, 2017, Plaintiff informed the Court that his mailing address had changed to 132 N. Royal, Suite 200, Alexandria, VA 22314, in care of attorney Tracy Ford. (DE 6.)

### C.     Show Cause Order

As of December 21, 2017, there had been no appearance of counsel on Plaintiff's behalf; no summons had issued, Fed. R. Civ. P. 4(b); Plaintiff had not filed a proof of service with the Court, Fed. R. Civ. P. 4(l); and, Defendant Kanios had not appeared.  As such, it appeared that Plaintiff had failed to effect service of a summons and complaint upon Defendant Kanios in accordance with Fed. R. Civ. P. 4(c),(e).  Moreover, the 90-day time limit for service had passed.  Fed. R. Civ. P. 4(m).

For these reasons, I entered an order requiring Plaintiff to show cause why this case should not be dismissed for failure to comply with Fed. R. Civ. P. 4.  (DE 9.)  In particular, Plaintiff was "cautioned that a failure to comply with this order may result in the dismissal of the instant lawsuit." (DE 9 at 3.)

### D.     Conclusion

To date, the status of this case remains as it did on December 21, 2017.  In fact, thus far, the only matters Plaintiff has filed in this case are his July 10, 2017 complaint (DE 1), his July 10, 2017 application to proceed without prepaying fees or costs (DE 2), and his August 1, 2017 notice of change of address/contact

information (DE 6).  It still appears that Plaintiff has failed to effect service of a summons and complaint upon Defendant in accordance with Fed. R. Civ. P. 4; Plaintiff has failed to show cause in accordance with the Court's December 21, 2017 order (DE 9) and was cautioned that a failure to comply might result in dismissal of this lawsuit.  A copy of this order was served upon Plaintiff at his address of record, and there is no indication on the docket that it was returned as undeliverable.  For these reasons, the case should be dismissed.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 19, 2018

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 19, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti